IN THE MATTER OF ARTHUR C EVANS

Docket No. 45604. Submitted March 11, 1980, at Detroit.—Decided July 24, 1980.

Arthur C. Evans was a minor. The Wayne County Probate Court, James E. Lacey, J., granted a motion of the prosecutor to waive jurisdiction over Evans and allowed him to be tried as an adult in Recorder's Court of Detroit on charges of armed robbery and felony-firearm. Evans appealed and the Wayne Circuit Court, Horace W. Gilmore, J., reversed. The prosecutor appeals by leave granted. *Held:*

A probate court order waiving jurisdiction of a juvenile defendant to a criminal court and binding him over for criminal prosecution will be affirmed on appeal where the judge's findings, based upon substantial evidence and upon thorough investigation, show that the juvenile is not amenable to treatment or that, despite his potential for treatment, the nature of his difficulty is likely to render him dangerous to the public if he is released at age nineteen or likely to disrupt the rehabilitation of other children in the juvenile program prior to his release. The probate court considered the proper factors and made findings of fact based on substantial evidence. The circuit court erred in substituting its judgment for that of the probate court.

Reversed.

APPEAL — PROBATE COURTS — INFANTS — JUVENILE JURISDICTION — WAIVER OF JURISDICTION — SERIOUSNESS OF OFFENSE.

A probate court order waiving jurisdiction of a juvenile defendant to a criminal court and binding him over for criminal prosecution will be affirmed on appeal where the judge's findings, based upon substantial evidence and upon thorough investigation, show that the juvenile is not amenable to treatment, or that, despite his potential for treatment, the nature of his difficulty is likely to render him dangerous to the public if he is released at age nineteen or likely to disrupt the rehabilitation

REFERENCE FOR POINTS IN HEADNOTE
[1] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 19.

of other children in the juvenile program prior to his release; however, the seriousness of the offense committed may not alone be used to determine the likelihood that a potentially amenable juvenile will endanger the public or other children in the rehabilitation program.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Helen M. Kleinplatz,* for Arthur Evans.

Before: BRONSON, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. On February 20, 1979, the Wayne County Probate Court granted a motion of the Wayne County prosecutor to waive juvenile court jurisdiction over defendant in order that defendant could be tried as an adult in Detroit Recorder's Court on charges of armed robbery and possession of a firearm during the commission of a felony. Defendant appealed the probate court order and, on May 24, 1979, the Wayne County Circuit Court reversed the probate court order waiving juvenile court jurisdiction over defendant. The people now appeal to this Court, having been granted leave to do so in an order of July 6, 1979. We reverse.

We find the instant case to be nearly indistinguishable in its pertinent aspects from *People v Schumacher,* 75 Mich App 505; 256 NW2d 39 (1977). In *Schumacher,* as in the instant case, the crime involved was armed robbery, the defendant had very limited prior contacts with juvenile authorities, more than one criminal act was committed within a very short period of time, in one of the criminal acts a victim was struck with a

weapon, nearly every expert who testified at the waiver hearing recommended against waiver of jurisdiction to the adult criminal court and the probate judge waived jurisdiction concluding that the available juvenile rehabilitative programs were inappropriate to the defendant's needs.

The appropriate standard for reviewing an order waiving jurisdiction in a juvenile proceeding was stated in *Schumacher, supra,* 511-512:

"Accordingly, we hold that an order waiving jurisdiction will be affirmed whenever the judge's findings, based upon substantial evidence and upon thorough investigation, show either that the juvenile is not amenable to treatment, or, that despite his potential for treatment, 'the nature of his difficulty is likely to render him dangerous to the public, if released at age [nineteen] or to disrupt the rehabilitation of other children in the program prior to his release'. *People v Fields (On Rehearing),* 391 Mich 206, 242, 216 NW2d 51 fn 13; (1974) (LEVIN, J., *dissenting),* quoting *State v Gibbs,* [94 Idaho 908; 500 P2d 209 (1972)]." (Footnotes omitted.)

The probate judge in this case waived juvenile court jurisdiction over defendant after finding that "the nature of his behavior renders him dangerous to the public if released * * * at his 19th birthday". The judge also found defendant's chances for rehabilitation were greater in the adult system where the "level of education and vocational teaching is better than the juvenile system". Finally, after considering the defendant's education level and his lack of a marketable vocational skill, the judge concluded that defendant's chances for rehabilitation would be much greater in the adult system where a longer time could be taken to help him than in the juvenile justice system where the

type of treatment provided was not the sort of program needed by defendant.

Upon consideration of the probate judge's findings, we cannot say that the judge erred in waiving juvenile court jurisdiction over defendant. As a consequence, we believe that the circuit court erred in substituting its judgment for that of the probate judge. Therefore, the February 15, 1979, order of the probate court granting waiver of jurisdiction over defendant is reinstated.

Reversed and remanded.